UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:13-CV-00186-GNS-HBB

KATILYN KINSER, PLAINTIFF

v.

LOGAN COUNTY SCHOOL DISTRICT, et al. DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Elliott Shifflett's ("Shifflett") Motion to Set Aside Default Judgment. (Def.'s Mot. to Set Aside Default J., DN 59). This motion is ripe for a decision, and for the reasons stated below, the Court **DENIES** Shifflett's Motion as moot.

### I. BACKGROUND

In April 2011, Plaintiff Katilyn Kinser ("Kinser") was a student in the Defendant Logan County School District ("LCSD"), of which Defendant Marshall Kemp ("Kemp") is currently (and was in 2011) the superintendent. At that time, Shifflett was a substitute teacher at LCSD. (Am. Compl. 1-2, DN 27). Shifflett eventually pleaded guilty to sexual misconduct involving Kinser, then 15 years old. (Shifflett Dep. 46, 51-52, DN 66-1).

On November 25, 2013, LCSD and Kemp removed this action from Logan Circuit Court. (Notice of Removal, DN 1). LCSD and Kemp filed their Answer on November 27, 2013. (Answer, DN 6). Ann Shifflett (Shifflett's stepmother) accepted summons for Shiffflett on December 27, 2013. (Summons, DN 9). Shifflett did not file an answer. On February 10, 2014, the Clerk of Court made an entry of default against Shifflett pursuant to Federal Rule of Civil Procedure 55(a). (Entry of Default, DN 13). A copy of the entry of default was mailed to

Shifflett at the same address at which Ann Shifflett accepted service, and returned to the Court as undeliverable. (DN 16).

On September 22, 2014, Kinser filed her Amended Complaint. (Am. Compl., DN 27). A copy of the Amended Complaint was mailed to Shifflett at the same address and returned to the Clerk of the Court (DN 43) along with a notice that Shifflett did not live at that address and had not done so since August 2011 (DN 44).

On April 9, 2015, Shifflett filed his Motion to Set Aside Default Judgment. (Def.'s Mot. to Set Aside Default J.). Kinser has filed her response (Pl.'s Resp. to Mot. to Set Aside Default J., DN 60), and Shifflett has filed his reply (Def.'s Reply to Mot. to Set Aside Default J., DN 66). The motion is thus ripe for adjudication.

## II. JURISDICTION

This Court has jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" that is "removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III. DISCUSSION

In their Notice of Removal, Defendants LCSD and Kemp noted two federal causes of action in the Complaint. (Notice of Removal at 2). In paragraph 8, Kinser states that "[t]he Defendant deprived the Plaintiff to her rights, privileges, and immunities secured by the Constitution and the laws of the United States." (Compl. 4, DN 1-1). In paragraph 12, Kinser alleges that LCSD and Kemp "made a conscious decision not to practice or enforce any policy against Elliott Shifflett regarding inappropriate sexual behaviors towards its students in violation of the Fourteenth Amendment to the United States Constitution." (Compl. 4).

In her Amended Complaint, however, Kinser has altered paragraphs 8 and 12. The relevant part of paragraph 8 now reads: "[t]he Defendant deprived the Plaintiff to her rights, privileges, and immunities secured by the Constitution *of Kentucky* and the laws of the *Commonwealth of Kentucky*." (Am. Compl. 2 (emphasis added)). The relevant part of paragraph 12 now reads: "[t]he Defendant, Logan County School District, and its employee, Marshall Kemp made a conscious decision not to practice or enforce any policy against Elliott Shifflett regarding inappropriate sexual behaviors towards its students in violation of the *Constitution of the Commonwealth of Kentucky*." (Am. Compl. 3 (emphasis added)). The Amended Complaint is devoid of federal claims, and there is no assertion that this Court has jurisdiction based on 28 U.S.C. § 1332.

"When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (citation omitted) (internal quotation marks omitted). The Sixth Circuit applies "a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed" based on comity and judicial economy. *Packard v. Farmers Ins. Co. of Columbus, Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011).

The factors that a court analyzes when deciding whether to exercise supplemental jurisdiction are: "the values of judicial economy, convenience, fairness, and comity . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Also, "[a] district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case." *Id.* at 357.

In this case, the Complaint and Amended Complaint are practically identical; the allegations did not change, the number and variety of claims did not change, and the relief sought did not change. This strongly indicates that Kinser amended her Complaint solely to defeat federal jurisdiction. That indication notwithstanding, the other factors weigh in favor of remand.

The Court allowed Kinser to amend her complaint (Order, 26), resolved one discovery issue (Order, DN 45; Order, DN 52), and ruled on a motion to modify the scheduling order (Order, 65). Though the case was removed some 18 months ago, the Court has had little involvement and investment in the case. To now invest federal judicial resources on solely state-law claims would not be in accordance with the Sixth Circuit's strong presumption against exercising supplemental jurisdiction in such a case.

Likewise, remand would serve the interest of convenience. It appears that three out of the four parties are located in or near Russellville, Kentucky. To the extent that any discovery remains outstanding, given the allegations in the amended complaint, such discovery is likely to be found in Logan County. Thus, a remand to Logan Circuit Court is likely more convenient, and certainly no less convenient, than an exercise of supplemental jurisdiction by this Court.

Remand also serves the interest of fairness. Kinser would not be prejudiced by remanding the case to the forum that she chose. The Court can discern no prejudice to Defendants; as noted above, the Logan Circuit Court would be more convenient and the Notice of Removal makes no mention of any concern of prejudice. Absent any fear of prejudice to either party, this factor favors remand.

Finally, remand also serves the interest of comity. The remaining claims are all brought under the laws of Kentucky; comity suggests that, in the absence of an independent basis for federal jurisdiction, these claims be heard by an appropriate Kentucky court.

## IV. CONCLUSION

For the forgoing reasons, **IT IS HEREBY ORDERED THAT** Shifflett's Motion to Set Aside Default Judgment (DN 59) is **DENIED** as moot. A separate order will issue remanding this case to the Logan Circuit Court.

Greg N. Stivers, Judge
United States District Court

June 3, 2015

cc: counsel of record